IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD GALE ZLOMKE, | ) | 4:12CV3018 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER REGARDING** |
| ROBERT HOUSTON, | ) | **PETITION FOR WRIT OF** |
| | ) | **HABEAS CORPUS** |
| Respondent. | ) | |

    An initial review has been conducted of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by the petitioner, Richard Gale Zlomke (Zlomke) are, when liberally construed, potentially cognizable in federal court. Zlomke has made one claim.

    Condensed and summarized for clarity, the claim asserted is: Zlomke was denied due process of law in violation of the Fourteenth Amendment *because* the Nebraska Board of Parole has repeatedly and arbitrarily failed to consider his "parole eligibility date" and instead refuses to release him until closer to his "tentative release date," despite Zlomke's efforts at rehabilitation.

    Liberally construed, I preliminarily decide that Zlomke's claim is potentially cognizable in federal court. However, I caution that no determination has been made regarding the merits of this claim or any defenses thereto or whether there are procedural bars that will prevent Zlomke from obtaining the relief sought.

    IT IS THEREFORE ORDERED that:

    1.    Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), I preliminarily determine that Zlomke's claim as set forth in this Memorandum and Order Regarding Petition for Writ of Habeas Corpus, is potentially cognizable

in federal court.

2. The clerk of the court is directed to mail copies of this memorandum and order and the Petition for Writ of Habeas Corpus to the respondent and the Nebraska Attorney General by regular first-class mail.

3. By **March 30, 2012**, the respondent shall file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 30, 2012: deadline for the respondent to file state court records in support of answer or motion for summary judgment.

4. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and Zlomke:

> A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
> B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon Zlomke *except* that the respondent is only required to provide Zlomke with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by

2

    Zlomke, he may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Zlomke shall file and serve a brief in opposition to the motion for summary judgment. Zlomke shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Zlomke's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Zlomke**.

5. If the respondent elects to file an answer, the following procedures shall be followed by the respondent and Zlomke:

A. By **March 30, 2012**, the respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*,

3

        Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.     No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Zlomke's allegations that have survived initial review, and whether the claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.     Copies of the answer, the designation, and the respondent's brief shall be served upon Zlomke at the time they are filed with the court *except* that the respondent is only required to provide Zlomke with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by Zlomke, he may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of the respondent's

        brief, Zlomke shall file and serve a brief in response. Zlomke shall submit no other documents unless directed to do so by the court.

E.    No later than 30 days after the filing of Zlomke's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 30, 2012**: check for the respondent to file answer and separate brief.

6.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated February 14, 2012.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge